THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>IVAN SUBIA,<br><br>　　　　　　　　Defendant. | CASE NO. CR21-0160-JCC-2<br><br>ORDER |

　　　　This matter comes before the Court on Defendant's motion for a reduction in sentence (Dkt. No. 72). Having considered the briefing and the relevant record, the Court DENIES the motion for the reasons explained herein.

　　　　The Court sentenced Defendant to a custodial term of 60 months for possession with intent to distribute controlled substances. (Dkt. No. 70 at 1–2.) Defendant now asks for a reduction of this sentence, pursuant to Amendment 821 to the United States Sentencing Guidelines ("USSG"). (Dkt. No. 72 at 1.) The request is based on the Sentencing Commission's change to the calculation for those with zero criminal history points. (*Id.* at 1–2.)

　　　　To qualify for a sentence reduction, amongst other requirements, it must be consistent with the Sentencing Commission's applicable policy statements. 18 U.S.C. § 3582(c)(2). Moreover, even if there has been an amendment to the Sentencing Guidelines, a sentencing court may not reduce a sentence below the applicable mandatory statutory minimum. *United States v.*

1  *Sykes*, 658 F.3d 1140, 1146 (9th Cir. 2011). Here, Defendant was sentenced to the mandatory
2  minimum of 60 months on the recommendation of all parties. (*See* Dkt. Nos. 65 at 1, 66 at 5, 67
3  at 3, 70 at 2.) Therefore, the Court does not have authority under Amendment 821 to reduce
4  Defendant's sentence.
5      Accordingly, Defendant's motion for a reduction in his sentence (Dkt. No. 72) is
6  DENIED.

8      DATED this 11th day of February 2025.

            John C. Coughenour
            UNITED STATES DISTRICT JUDGE